IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:22 CR 691 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JAVAAR WINTERS,** | |
| | MEMORANDUM OPINION AND |
| Defendant. | ORDER |

### INTRODUCTION

Currently before the Court in this criminal case is Defendant Javaar Winters' Motion to Suppress Evidence. (Doc. 14). The Government opposed the motion (Doc. 15). Winters did not reply. Winters seeks to suppress the evidence he contends was obtained as the result of an unlawfully-issued search warrant. For the following reasons, Winters' Motion is denied.

### BACKGROUND

Winters was indicted on December 7, 2022, for (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 1).

According to the affidavit submitted in support of a search warrant, the Toledo Police Department began an investigation into possible narcotics trafficking by Winters on October 1, 2022. (Doc. 14-2, at 2). Detective Matthew Sulick believed Winters lived in a house at 1153 Oakwood Ave., Toledo, Ohio. *Id.* On October 14, 2022, Sulick met with a confidential source who

said they could buy fentanyl from Winters at that address. *Id.* at 3. Sulick searched the source for money or contraband, provided him money, and then surveilled the source entering the house and leaving a short time later. *Id.* The source returned directly to Sulick with a substance purchased inside, reportedly from Winters, which field tested positive for fentanyl. *Id.*

According to a written notice from Western Toledo Preparatory Academy, Winters attended a parent-teacher conference at the school on October 14 at 9:15 a.m. (Doc. 14-1, at 1).

On October 15, 2022, Sulick continued to surveil the address and observed "heavy foot traffic and vehicle traffic, with several people coming and going from the location, having only stayed a short period of time." (Doc. 14-2, at 3).

Based on the affidavit, Judge Dean Mandros issued a search warrant for 1153 Oakwood Ave. on October 17, 2022. (Doc. 14-2, at 1). According to the Government, the Toledo Police Department executed the warrant on October 20. (Doc. 15, at 2). Police watched Winters drive away from the property before executing the warrant; police stopped his vehicle (on the basis of a suspended driver's license) and arrested him. *Id.* When searching the property, police found:

> 80 grams of fentanyl, scales containing fentanyl residue, a grinder with fentanyl residue, 6.39 grams of crack cocaine, a small baggie of methamphetamine pills, a loaded Ruger handgun, ammunition, multiple cell phones, and items indicative of Winters's ownership and residence.

*Id.* Winters filed the instant motion to suppress based on the argument that the affidavit supporting the search warrant contained materially false information. (Doc. 14, at 4).

### DISCUSSION

Winters argues, first, that the affidavit did not support probable cause for the warrant, and second, that the affidavit was false. (Doc. 14, at 4). Because Winters does not adequately attack either probable cause or the truthfulness of the affidavit, this Court denies his motion.

2

Probable Cause

    Probable cause exists where there are "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion, and . . . when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004) (citing *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)); *United States v. Davidson*, 936 F.3d 856, 859 (6th Cir. 1991); *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). When it comes to search warrant affidavits, "determination of probable cause is afforded great deference . . . To this end, review of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *United States v. Greene*, 250 F.3d 471, 478-79 (6th Cir. 2001).

    Winters argues there is no probable cause for the warrant where the affidavit does not reveal a confidential source's name. (Doc. 14, at 4) (citing *United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (rehearing *en banc*) ("where a known person, named to the magistrate . . . states that he has seen a particular crime and particular evidence . . . a neutral and detached magistrate may believe that evidence of a crime will be found"); *United States v. May*, 399 F.3d 817, 823 (6th Cir. 2005) ("[a]n informant's tip is considered to have greater reliability, and therefore to be more supportive of a finding of probable cause, if the affidavit avers that the name of the confidential informant has been disclosed to the issuing judge").

    Winters's argument is misplaced. While *Allen* holds that a named informant or source who witnessed a crime may be relied upon for purposes of determining probable cause, it does not hold the inverse – that an unnamed informant or source is inherently so unreliable that no probable cause exists. And *May* holds, several pages later than the passage quoted by Winters, that where a "cooperating source has provided assistance in unrelated drug investigation cases[, t]he affidavit

3

need not include a detailed factual basis for [the officer's] statement in order to support the judge's finding of probable cause." *May*, 399 F.3d 817, at 826.

The affidavit in this case states "the [confidential] source has been identified as credible, having previously provided information that has been independently verified and/or proven to be accurate. Moreover[,] information previously provided by the source has resulted in the issuance of warrants, seizure of drugs, and the arrest and conviction of individual(s) for drug related offenses." (Doc. 14-2, at 3). "Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable." *Greene*, 250 F.3d at 480.

Under Sixth Circuit precedent, the source discussed in the affidavit may be taken as reliable, and Winters makes no other argument against probable cause provided by the affidavit as written.

Affidavit Veracity

Affidavits supporting search warrants carry a presumption of validity. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). A defendant who challenges the truth of the statements in such an affidavit must specifically allege and provide proof of deliberate falsehood or reckless disregard for the truth. *Id.* If the defendant does so, the court must determine "whether, absent the challenged statements, there remains sufficient content in the affidavit to support a finding of probable cause." *Bennett*, 905 F.2d at 934. If probable cause does not exist without the challenged statements, the defendant is entitled to an evidentiary hearing on the issue. *Id.* But "[i]f probable cause exists absent the challenged statements, a defendant is entitled to no more." *Id.*

Winters argues the controlled buy described in the affidavit cannot have taken place because he was not present at his home on the date listed. (Doc. 14, at 4). Winters offers a written

4

notice from his child's school which states Winters attended a parent-teacher conference on October 14, 2022, at 9:15 a.m. as proof that he was not present at 1153 Oakwood Ave. that day. (Doc. 14-1, at 1).

Under the *Franks* standard, this written notice alone is insufficient proof to challenge the statement in the affidavit that the controlled buy took place October 14. The affidavit does not state what time the controlled buy happened; it merely gives the date. (Doc. 14-2, at 3). The written notice from the school only lists the start time of the parent-teacher conference. (Doc. 14-1, at 1). To the Court's knowledge, a parent-teacher conference does not typically last an entire day, nor does Winters's proof state as much. Winters's sole offer of proof therefore does not contradict "specifically the portion of the warrant affidavit that is claimed to be false." *Franks*, 438 U.S. at 171.

Because Winters has not adequately challenged any statement in the affidavit, the Court need not remove the challenged statement from the affidavit and ascertain probable cause without it. *Bennett*, 905 F.2d at 934. Winters is additionally not entitled to an evidentiary hearing on the matter. *Id.*

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Winters's Motion to Suppress (Doc. 14) be, and the same hereby is, DENIED.

  s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE