IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:22 CR 691 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JAVAAR WINTERS,** | |
| | MEMORANDUM OPINION AND |
| Defendant. | ORDER |

### INTRODUCTION

Currently pending before the Court in this criminal case is Defendant Javaar Winters' Motion to Reopen. (Doc. 20). This Court previously denied Winters' motion to suppress evidence. *See* Doc. 16. Winters now seeks to reopen his suppression motion and request an evidentiary hearing. (Doc. 20, at 1). The Government opposed (Doc. 23), and Winters replied (Doc. 27). For the following reasons, Winters' motion is denied.

### BACKGROUND

Winters was indicted on December 7, 2022, for (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 1).

As the Court previously recounted, according to the affidavit submitted in support of a search warrant, the Toledo Police Department began an investigation into possible narcotics

trafficking by Winters on October 1, 2022. (Doc. 14-2, at 2). Detective Matthew Sulick believed Winters lived in a house at 1153 Oakwood Ave., Toledo, Ohio. *Id.* On October 14, 2022, Sulick met with a confidential source who said they could buy fentanyl from Winters at that address. *Id.* at 3. A controlled buy of fentanyl between the source and Winters was arranged and carried out.

According to a written notice from Western Toledo Preparatory Academy, Winters attended a parent-teacher conference at the school on October 14 at 9:15 a.m. (Doc. 14-1, at 1).

On October 15, 2022, Sulick continued to surveil the address and observed "heavy foot traffic and vehicle traffic, with several people coming and going from the location, having only stayed a short period of time." (Doc. 14-2, at 3).

Based on the affidavit, Judge Dean Mandros issued a search warrant for 1153 Oakwood Ave. on October 17, 2022. (Doc. 14-2, at 1). According to the Government, the Toledo Police Department executed the warrant on October 20. (Doc. 15, at 2). Police watched Winters drive away from the property before executing the warrant; police stopped his vehicle (on the basis of a suspended driver's license) and arrested him. *Id.* When searching the property, police found:

> 80 grams of fentanyl, scales containing fentanyl residue, a grinder with fentanyl residue, 6.39 grams of crack cocaine, a small baggie of methamphetamine pills, a loaded Ruger handgun, ammunition, multiple cell phones, and items indicative of Winters's ownership and residence.

*Id.*

Winters filed a motion to suppress (Doc. 14), which this Court denied (Doc. 16).

## DISCUSSION

Winters initially filed a motion to suppress based on the arguments that (1) the affidavit did not support probable cause, as it did not reveal the name of a confidential source, and (2) the affidavit was false, as he was at the parent-teacher conference at the time of the alleged controlled buy. (Doc. 14, at 4). The Court denied the motion on both grounds, because (1) Sixth Circuit law

2

does not hold that an unnamed informant is so unreliable to nullify probable cause and (2) evidence Winters was elsewhere at 9:15 a.m. does not sufficiently challenge the affidavit's statement that he was present for the controlled buy at some point on that date. (Doc. 16, at 3-5). Though Winters did not initially seek a hearing, the Court determined he had not met the standard which would entitle him to one. *Id.*

In his motion to reopen the suppression issue, Winters argues only that "he was/is entitled to a hearing on the matter in order to cross examine the author of the affidavit . . . and challenge probable cause and the truthfulness of the affidavit. [He] contends that a hearing was necessary in order to raise said challenges and is asking the Court to now re-open the issue and set a hearing." (Doc. 20, at 2). He cites no law in support of his arguments.

As an initial matter, a defendant is only entitled to an evidentiary hearing regarding an affidavit if (1) he specifically alleges and provides adequate proof of deliberate falsehood or reckless disregard for the truth and (2) the affidavit, with those challenged statements removed, does not contain sufficient content to support probable cause. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). As explained in this Court's prior Order, Winters' evidence shows only that he was not present at his home address at 9:15 a.m. on the date in question, but the affidavit lists only the date of the controlled buy, not the time; because Winters' sole offer of proof does not contradict "specifically the portion of the warrant affidavit that is claimed to be false," he did not adequately challenge any statement in the affidavit. (Doc. 16, at 4-5) (quoting *Franks*, 438 U.S. at 171).

Additionally, as correctly stated by the Government in their opposition brief, courts are "extremely reluctant" to reopen suppression matters. (Doc. 23, at 1) (quoting *United States v. Pittman*, 816 F.3d 419, 424 (6th Cir. 2016)). If a court is to do so, the defendant moving to reopen "should provide a reasonable explanation for failure to present the evidence initially." *United*

3

*States v. Carter*, 374 F.3d 399, 406 (6th Cir. 2004) (*see also Pittman*, 816 F.3d at 424 ("[t]he district judge found that Pittman offered no 'credible explanation for his failure to present [the evidence] . . . and we cannot find one either'")). In addition to a reasonable explanation for failure to present evidence, a court is to consider "the timeliness of the motion, the character of the testimony, the effect of granting the motion, and whether the opposing party will be prejudiced by reopening the hearing." *United States v. White*, 455 F. App'x 647, 651 (6th Cir. 2012) (citing *United States v. Blankenship*, 775 F.2d 735, 741 (6th Cir. 1985)). District courts have discretion over whether to reopen a suppression hearing. *Carter*, 374 F.3d at 405.

Winters contends in his reply brief that because (1) his motion to reopen is timely, (2) reopening would not prejudice the Government, and (3) the reason for failure to present evidence was "ineffectiveness of prior counsel", it ought to be granted. (Doc. 27, at 3-4). But Winters still does not present any new evidence which would entitle him to an evidentiary hearing on the issue. Additionally, the law Winters cites in his reply brief concerns the reopening of suppression hearings already held. *See White*, 455 F. App'x at 649; *Pittman*, 816 F.3d at 423; *Carter*, 374 F.3d at 403. In this case, Winters has not met the standard to be afforded a hearing in the first instance.

Winters argues that the affidavit "relies heavily on the credibility of the Confidential Source to implicate illegal activity and to identify [Winters]." *Id.* at 3. As explained in this Court's earlier order, the determination of probable cause in a search warrant affidavit "is afforded great deference" in the Sixth Circuit. *United States v. Greene*, 250 F.3d 471, 478-79 (6th Cir. 2001). And while a named informant is considered to have *greater* reliability than an unnamed one, where "a cooperating source has provided assistance in unrelated drug investigation cases" – as is the case here – "[t]he affidavit need not include a detailed factual basis for [the officer's] statement in order to support the judge's finding of probable cause." *United States v. May*, 399 F.3d 817, 823-

4

26 (6th Cir. 2005). "Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable." *Greene*, 250 F.3d at 480. Winters presents no argument which would change the Court's analysis of this issue.

Winters also contends that the affidavit is faulty because it "never indicates that [Winters] was actually present at the location during the time of surveillance," and that upon cross-examination in a hearing, "the Government would have provided the specific time of the alleged 'controlled buy', allowing [Winters] to present an alibi and alibi witnesses." (Doc. 27, at 3). While these may be reasonable discovery concerns, they do not entitle Winters to a suppression hearing. As discussed above and in this Court's prior Order, the Government's affidavit met the requirements of probable cause under Sixth Circuit case law. Meanwhile, Winters has still not met the requirements which would entitle him to a hearing under the *Franks* standard. Because Winters offers no new evidence which challenges the statements in the affidavit, the Court need neither determine whether probable cause exists without the challenged statements nor afford Winters an evidentiary hearing. *Franks*, 438 U.S. at 171; *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990).

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Winters' Motion to Reopen (Doc. 20) be, and the same hereby is, DENIED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE